**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| C.D.E.C., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 26 C 6321 |
| v. | ) | |
| | ) | Judge Joan H. Lefkow |
| MARKWAYNE MULLIN, Secretary of Homeland Security; ROBERT F. KENNEDY, JR., Secretary of Health and Human Services; ANGIE SALAZAR, Acting Director of the Office of Refugee Resettlement; DAVID SINSKI, Chief Executive and Vision Officer of Heartland Human Care Services; | ) | |
| | | |
| Respondents. | | |

**ORDER AND STATEMENT**

Petitioner C.D.E.C., an unaccompanied immigrant child (UIC), has filed a 28 U.S.C. § 2241 habeas corpus petition challenging his present detention in the Office of Refugee Resettlement (ORR) custody. Respondents are ordered to respond to the habeas corpus petition by June 10, 2026. C.D.E.C. shall reply by June 17, 2026. The court notes that habeas corpus relief has been recently granted for similar immigration detainees by other judges of the Northern District of Illinois in *A.N.P.S.* v. *Salazar*, No. 25 C 14778 (Rowland, J.) and *E.F.E.L.* v. *Noem*, No. 26 C 2507 (Coleman, J.). The court shall leave it to the parties to consider the relevance of these recent decisions, if any, to the instant case. In addition, respondents shall make a preliminary filing by June 3, 2026, stating: (1) whether C.D.E.C. was located in the Northern District of Illinois at the time this case was filed; (2) the current status of C.D.E.C.'s immigration proceedings; and (3) C.D.E.C.'s current location and proper respondents based on that location. Pursuant to the court's authority under the All Writs Act, 28 U.S.C. § 1651, the government is ordered not to remove C.D.E.C. from the jurisdiction of the United States and not to transfer him to any federal judicial district other than those in the States of Illinois, Indiana, or Wisconsin. *A.A.R.P.* v. *Trump*, 605 U.S. 91, 97 (2025) (per curiam) (citing 28 U.S.C. § 1651(a)) ("[T]he Government represented on the record in federal court that it reserved the right to remove detainees after midnight. We had the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve our jurisdiction over the matter."); *United States* v. *United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("The District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief.") If C.D.E.C. is already, as of the posting of this order, located outside of Illinois, Indiana, or Wisconsin but within the United States, or is in the midst of transportation outside of those states

to another state, then this bar on transfer does not require the immediate return of C.D.E.C. as long as respondents intend to hold C.D.E.C. within the United States. Instead, the parties and the court will address the issue after the respondents make the preliminary filing. The clerk shall email a copy of this order to Tom Walsh, Chief of the Civil Division, United States Attorney's Office, Northern District of Illinois; Craig Oswald, AUSA, United States Attorney's Office, Northern District of Illinois; and Joshua Press, AUSA, United States Attorney's Office, Northern District of Illinois. This case is set for an in-person status hearing on June 17, 2026 at 9:30 a.m., in Courtroom 2201.

Date: May 29, 2026

Joan H Lefkow

U.S. District Judge Joan H. Lefkow